

# THE ATTORNEY GENERAL
# OF TEXAS

### AUSTIN, TEXAS 78711

CRAWFORD C. MARTIN
ATTORNEY GENERAL

March 25, 1969

Hon. John Allen
Chairman, Conservation and
  Reclamation Committee
House of Representatives
Capitol Station
Austin, Texas 78711

Opinion No. M-364

Re: Constitutionality of
    granting authority for
    spacing rules and regu-
    lations to an under-
    ground water conservation
    district created by the
Dear Mr. Allen:                    Legislature.

Your recent letter on behalf of the Conservation and
Reclamation Committee, House of Representatives, requests
our opinion as to whether House Bill No. 128, if enacted
into law, will be valid. House Bill No. 128 reads as
follows:

"A BILL TO BE ENTITLED

AN ACT

authorizing the "Panhandle Ground
Water Conservation District No. 3
South of the Canadian River in Texas"
on approval of the qualified electors
in the district to make rules and re-
gulations requiring the spacing of
irrigation wells reasonable distances
from property lines; and declaring an
emergency.

BE IT ENACTED BY THE LEGISLATURE OF THE STATE OF TEXAS:

"Section 1. Upon the approval of the qualified electors
of the district, the Board of Directors of the "Panhandle

-1797-

Ground Water Conservation District No. 3 South of the
Canadian River in Texas" may by resolution make rules and
regulations requiring the spacing of irrigation wells
reasonable distances from property lines. These distances
shall have a direct relationship to the spacing required
between irrigation wells.

"Sec. 2. (a)  At the next regular election held in the
district after the effective date of this Act, the board of
directors shall submit to the qualified electors of the dis-
trict the proposition of whether or not the board of directors
may make rules and regulations for spacing irrigation wells
reasonable distances from property lines.

"(b)  The ballots shall be printed to allow for voting
for or against the proposition:  "Authorizing the board of
directors of the district to make rules and regulations re-
quiring the spacing of irrigation wells reasonable distances
from property lines."

"(c)  If a majority of the qualified electors of the
district voting in the election approve the proposition,
the board of directors may proceed to make spacing rules
and regulations under the provisions of this Act. (Emphasis added).

This district was created pursuant to the general law
procedures set forth in Article 7880-3c, Vernon's Civil
Statutes.  Subsequently in 1957, the Legislature therein
provided that the creation, establishment, boundaries, and
election procedures creating the district were "ratified,
confirmed and validated" by the Legislature.  Acts 55th
Leg. R.S. 1957, ch. 19, p. 27 (Article 8280-191 V.C.S.)
The district was referred to in this validation law as
"Ground Water Conservation District Number Three, South of
the Canadian River;" it consists of a portion of Carson
and Gray Counties, and is described in Volume 1, Page 97,
of the Water District Records of Gray County, Texas.  The
records of Texas Water Rights Commission (formerly Board
of Water Engineers), list the name of this underground
water district as "(Panhandle) Ground Water Conservation
District No. 3, South of the Canadian River in Texas."  House
Bill No. 128 uses the name reflected by Texas Water Rights
Commission records without the parentheses.

In the above mentioned Act of the Legislature ratifying, confirming and validating this district (Article 8280-191, supra), Sections 2 and 3 validly incorporate by reference Articles 7880-1 through 147z1, such reference statutes being the general laws relating to underground water conservation districts. <u>Trimmier v. Carlton</u>, 116 Tex. 572, 296 S.W. 1070 (1927).

This validating act, in Subsection (4), of Section 2, Article 8280-191, reads as follows:

> "(4) To provide for the spacing of wells producing from the underground water reservoir or subdivision there-of and to regulate the <u>production therefrom so as to minimize as far as practicable the drawdown of</u> the water table or the reduction of the artesian pressure; provided, however, the owner of the land, his heirs, assigns and lessees, shall not be denied a permit to drill a well on his land and produce underground water therefrom subject to rules and regulations promulgated hereunder to prevent waste." (Emphasis added.)

This portion of the law is to be construed in pari materia with Subsection B, (4) of Article 7880-3c, as amended (Acts 54th Leg. R.S. 1955, ch. 496, p. 1239).

The proposed House Bill No. 128, if enacted, must be construed in pari materia with the above statutes and would vary the present law to require election approval of property line spacing rules by the voters of the district before irrigation wells could be spaced "reasonable distances from property lines." Proper spacing of irrigation wells is grounded on minimizing drawdown and loss of pressure as to underground water. Article 8280-191, supra. Whenever the district board of directors finds that this would be accomplished by water well spacing in relation to property lines or surface surveys of lands, and when reasonably related to such purposes, the regulation would be a valid delegation of the police power to this underground water conservation district. "Well Spacing,"

by Joe R. Greenhill, Proceeding of Water Law Conference, University of Texas, May 25-26, 1956, pages 146, et seq.; H.&T.C. Railway Company v. East, 98 Tex. 146, 81 S.W. 279 (1904), 66 L.R.A. 738, 107 Am. St. Rep. 620, 4 Ann. Cas. 827; Frazier v. Brown, 12 Ohio State 294 (1861); Proration of Ground Water, by Garland Casebier and J. H. Starley, 1956 Water Law Conference Proceedings, pages 165, et seq.

This same type of spacing rules or regulations, as a valid exercise of the police power, has been upheld as to privately owned oil and gas in place so as to assure all owners thereof an equal chance to recover their fair share thereof, under valid rules and regulations of the Railroad Commission. Brown v. Humble Oil & Refining Company, 126 Tex. 296, 83 S.W.2d 935 (1935), "Ground Water Rights and Regulation," by W. L. Matthews, Proceedings of Water Law Conference, University of Texas, May 22-23, 1959, pages 9-10.

Any rule or regulation providing for the spacing of water wells at reasonable distances from property lines would be subject to judicial review, as to validity and reasonableness pursuant to Subsection F, of Article 7880-3c.

## SUMMARY

House Bill No. 128, which would delegate to "Panhandle Ground Water Conservation District No. 3 South of the Canadian River" rule-making powers to space irrigation wells in relation to surface property lines is a constitutional exercise of the police power; the rules would be reviewable by the courts as to their validity and reasonableness.

Yours very truly,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by:
Roger Tyler
Assistant Attorney General

APPROVED:

OPINION COMMITTEE

Kerns Taylor, Chairman
George Kelton, Vice-Chairman
James S. Swearingen
Houghton Brownlee
Bill Corbusier
Vince Taylor

W. V. Geppert
Staff Legal Assistant